UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES VALERIO,

                Petitioner,

            v.

WILLIAM JOYCE, in his official capacity as District Director of New York, Immigration and Customs Enforcement,

                Respondent.

25-CV-8714 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Petitioner, a self-described seventy-year-old grandfather of fourteen American citizens who declares that he has lived in this country for more than forty years, was detained by federal immigration authorities outside his home on October 20, 2025 and taken to 26 Federal Plaza in Manhattan. Dkt. No. 14-1. His son filed the instant petition for a writ of *habeas corpus* on his behalf on October 21, 2025, arguing that he was wrongfully detained under 8 U.S.C. Section 1225. Dkt. No. 1 ("Petition"). The Government contends that the Petition should either be transferred to the District of New Jersey or dismissed, as Petitioner had been transferred to U.S. Immigration and Customs Enforcement ("ICE") custody at the Delaney Hall Detention Facility in New Jersey by the time he filed the Petition. Dkt. No. 11.

      Pursuant to 28 U.S.C. Section 2241, "[d]istrict courts are limited to granting habeas relief "within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of [Petitioner's] confinement," *id.* at 443, "at the time of the bringing of the action," *Khalil v. Joyce*, 771 F. Supp. 3d 268, 289 (S.D.N.Y. 2025) (internal citation omitted). The Court, therefore, agrees with the Government that jurisdiction is proper only in the District of New Jersey,

where Petitioner was detained at the time of filing, and not in this District. Petitioner does not dispute that jurisdiction is only proper in the District of New Jersey.

On November 4, 2025, Petitioner submitted a letter-brief, together with two declarations. Dkt No. 14. In one declaration, his son explained that he filed the Petition in this district because he believed Petitioner was still in ICE custody at 26 Federal Plaza at the time of filing. Dkt. No. 14-2. Petitioner does not object to transfer of this case to the District of New Jersey. Dkt. No. 14 at 1. The Court, therefore, finds that transfer of this action to the District of New Jersey is appropriate and "in the interest of justice." 28 U.S.C. § 1406(a).

The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the District of New Jersey. As Petitioner does not object to transfer, the seven-day waiting period imposed by Local Civil Rule 83.1 is hereby waived. The hearing scheduled for November 6, 2025 is adjourned.

SO ORDERED.

Dated:   November 5, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge

2